IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, September 15, 2003

## KASSANDRA GREENE v. TARRY GREENE

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 00D2553      Hon. L. Marie Williams, Circuit Judge**

**FILED OCTOBER 22, 2003**

**No. E2002-02611-COA-R3-CV**

The Trial Court granted divorce, divided the marital assets, and assigned debts. The husband has appealed. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Tarry L. Greene, Chattanooga, Tennessee, *pro se*.

Alan R. Beard, Chattanooga, Tennessee, for Appellee.

## MEMORANDUM OPINION[1]

---

[1]The Court of Appeals' Rules provide:

Rule 10. Memorandum Opinion

(b)  This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In this divorce action the wife was awarded a divorce on the grounds of inappropriate marital conduct, and the wife was awarded real estate of the parties and responsibility for all indebtedness on the property. Each party was awarded all personal property, furnishings and contents in his or her possession at the time of the divorce. The wife was held to be responsible for her student loan and Internal Revenue Service obligation, and the husband was held harmless thereon.[2]

The husband appeals from the Trial Court's Judgment, alleging inter alia violation of his constitutional rights in the conduct of the trial..

No transcript of the evidentiary proceedings has been filed in this action, and upon review of the record, we conclude that the issues raised on appeal were either not raised in the Trial Court or are factual issues. Since any issues as to the equitable division of marital property are factually driven, we conclusively presume that evidence supports the Trial Court's division of marital property, since no evidentiary record has been presented to this Court.

For the foregoing reasons, we affirm the Judgment of the Trial Court and assess the cost of the appeal to the appellant, Tarry Greene.

_____
HERSCHEL PICKENS FRANKS, J.

---

[2]The wife's statement of liabilities and assets recites that the home, awarded to the wife, belonged to the wife before marriage. The parties own business property on South Highland Park which, according to the statement, had no equity value since a $34,000.00 indebtedness was owed on the property. The wife's other debts as stated, were a $5,000.00 student loan and an Internal Revenue Service debt of $30,000.00.